IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC.<br>and<br>NUTRAMAX LABORATORIES<br>VETERINARY SCIENCES, INC.<br>    Plaintiffs,<br><br>v.<br><br>CORTA-FLX, INC.,<br>    Defendant | Civil Action No. 1:15-CV-02779-JMC |

**ORDER GOVERNING DISCOVERY OF ESI**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding modifications, the parties may submit their competing proposals and a summary of their dispute. Proposed modifications or disputes regarding ESI that counsel for the parties are unable to resolve will be presented to the Court at the initial case management conference, Fed. R. Civ. P. Rule 16(b) Scheduling Conference, or as soon as possible thereafter.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. For purposes of this Order, requests for electronic mail are treated separately than requests for any other type of electronic record.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 must not require production of metadata absent a showing of good cause, except that all word processing documents (e.g., .wpd or .docx) and all excel (.xls) documents shall be produced in their original, native formats with all metadata intact.

7. Each responding party will comply with its obligation to identify the key custodians who are likely to possess information or documents responsive to the requesting party's ESI requests, and shall make available to the requesting party a list of such custodians. A producing party need not search for ESI documents maintained by custodians whose ESI documents are likely to be included in the records of one or more key custodians.

8. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

9. Email production requests will only be propounded for specific issues, rather than general discovery of a product or business. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless

   combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

10.  The parties shall cooperate to identify the proper custodians, proper search terms and proper time frames with respect to email requests. The same obligation to identify key custodians with respect to general ESI requests, shall apply to email requests.

11.  All documents that exist in paper form, and all ESI documents or emails that are redacted to remove privileged information or communications, shall be produced as. tiff images.

12.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13.  The mere production of ESI in a litigation as part of a mass production will not itself constitute a waiver for any purpose.

IT IS SO ORDERED.

              s/J. Michelle Childs
              J. Michelle Childs
              United States District Judge

December 8, 2015